Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com
Attorneys for Plaintiff PERLA MAGENO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLA MAGENO, an individual, | Case No.: 2:19-cv-03013-JAK-AFM |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | **Hon. John A. Kronstadt** |
| LOGAN'S ROADHOUSE, INC. and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff PERLA MAGENO ("Plaintiff") and Defendant LOGAN'S ROADHOUSE, INC. ("Defendant") respectfully submit this Joint Report pursuant to Federal Rules of Civil Procedure Rule 26(f).

**A.   STATEMENT OF THE CASE**

<u>Plaintiff</u>: Plaintiff is legally blind and cannot use a computer without the assistance of screen-reading software (otherwise known as a "screen-reader"). However, Plaintiff is a proficient user of the JAWS screen-reader and uses it to access the internet. Plaintiff visited logansroadhouse.com on separate occasions

using the JAWS screen-reader. During Plaintiff's separate visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website.

Defendant offers the commercial website logansroadhouse.com, to the public. The website offers features which should allow all consumers to access the goods and services offered in connection with its brick-and-mortar locations. Defendant's website provides consumers with access to an array of goods, services and information related to Defendant's brick-and-mortar locations which include, but are not limited to, the following: menu pricing and descriptions, online ordering, gift card purchasing, discount offers, email club signup, company news, and a store locator.

While attempting to navigate logansroadhouse.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired people that include, but are not limited to:

a. The home page has graphics, links, and buttons that are not labeled or are incorrectly labeled, or lack alternative text ("Alt-text");

b. Plaintiff encountered multiple pages containing unlabeled graphics, links, and buttons while navigating the Website;

c. Plaintiff encountered multiple pages containing insufficient navigational headings requiring Plaintiff to expend substantial additional time to access information;

d. Plaintiff was unable to make a purchase because of an inaccessible checkout system; and

e. Plaintiff was unable to find a brick-and-mortar location because the locations link was inaccessible to screen reading technology.

Since as early as January 2019, as a result of the barriers on the Defendant's website, Plaintiff continues to be deterred on a regular basis from accessing

Defendant's website. Likewise, based on the numerous access barriers Plaintiff has been impeded from the full and equal enjoyment of goods and services offered in connection with Defendant's brick-and-mortar locations.

<u>Defendant</u>: Defendant denies Plaintiff's contentions. Defendant's website provides full and equal access to its users, including blind or visually-impaired users. In particular, Defendant's website accommodates the use of screen reader software which makes its website accessible to blind or visually-impaired users. Defendant has not ever intentionally attempted to deny equal access to the public, including those with impairments or disabilities. Defendant denies that Plaintiff is deterred from patronizing Defendant's Website or stores in other States. Defendant does not have brick-and-mortar locations of public accommodation in California. Logan's restaurants in California are franchised restaurants.

## B. SUBJECT MATTER JURISDICTION

<u>Plaintiff</u>: On April 18, 2019, Defendant removed this action from the Superior Court of California, Los Angeles on the basis that Plaintiff's single cause of action for violation of the Unruh Act, Cal. Civ. Code § 51, confers to the Court subject-matter jurisdiction under 28 U.S.C. § 1331. Plaintiff disputes that the California cause of action alone confers federal subject-matter jurisdiction. Defendant further removed this action on the basis that the Court has diversity jurisdiction under 28 U.S.C. § 1441 because the parties are diverse and attorneys fees would make the total amount in controversy exceed $75,000. Plaintiff disputes that Defendant's basis for diversity jurisdiction.

<u>Defendant</u>: Plaintiff alleges a federal question and the parties are diverse. Defendant believes that there may not be a case or controversy as required by Article III. In any event, this Court is the appropriate Court to adjudicate all aspects of this dispute.

4825-8118-2363.4

C. **LEGAL ISSUES**

Plaintiff: The principal legal issues are: (1) whether the Defendants are responsible under the law to remove/remediate the access barriers on the Website; (2) whether Plaintiff has standing to seek either damages or injunctive relief; (3) the nature and extent of damages.

Defendant: Principal legal issues include (1) whether Plaintiff has standing to seek either damages or injunctive relief; (2) whether Plaintiff agreed through his use of Defendant's website to a binding venue clause for this action in Tennessee; (3) whether Tennessee, not California, law applies because Plaintiff agreed through his use of Defendant's website to a binding choice of law clause for Tennessee law in Defendant's website's terms of use; (4) whether Defendant's website is subject to the Unruh Act or Americans with Disabilities Act, including more particularly, whether Defendant's website is a public accommodation and, and if so, to what standard must it be accessible; (5) whether Defendant's website was compliant with applicable laws; and (6) whether there is a case or controversy as required by Article III.

D. **PARTIES, AND NON-PARTY WITNESSES**

Plaintiff: The Plaintiff is PERLA MAGENO. The Defendant is LOGAN'S ROADHOUSE, INC. Plaintiff's expected witnesses include Plaintiff, Plaintiff's expert regarding the alleged barriers on the Website, the person(s) most knowledgeable for Defendant regarding the design, maintenance, and accessibility of the Website, and the Parties' respective experts.

Defendant: Defendant's witnesses will include representatives of Defendant and its expert concerning its website.

E. **DAMAGES**

Plaintiff: Plaintiff seeks a preliminary and permanent injunction enjoining Defendants from further violations of UCRA, Civil Code § 51 *et seq.* with respect to

its operation of the Website; an award of statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code; and an additional award of $4,000.00 as deterrence damages for each violation pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016).

Plaintiff claims that he is entitled to the minimum statutory damages for his encounters and deterrence of not less than $8,000.00.

Attorneys fees are sought pursuant to 42 U.S.C. § 12205; California Civil Code § 52.

Defendant: Defendant is not seeking damages at this time.

**F.    INSURANCE**

Plaintiff: Unknown to Plaintiff.

Defendant: Defendant is in a high deductible program, with insurance coverage over the $250,000 deductible.

**G.    MOTIONS**

Plaintiff: Plaintiff does not believe he is likely to seek to add other parties or seek transfer of venue. Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the Unruh Civil Rights Act. This will happen after the necessary depositions and inspection are taken in this case.

Defendant: Defendant has filed a motion to transfer the case. Defendant expects to file dispositive motions, including one for summary judgment.

**H.    MANUAL FOR COMPLEX LITIGATION**

The Parties do not belief the Manual for Complex Litigation should be used in this case.

4825-8118-2363.4

**I.  STATUS OF DISCOVERY**

The parties have not yet engaged in discovery.

**J.  DISCOVERY PLAN**

The Parties propose that discovery shall commence after the Parties' meet and confer efforts in accordance with FRCP 26(d). The Parties assert that phasing of discovery is not necessary in this instance.

<u>Plaintiff</u>: Plaintiff will propound a set of Interrogatories, Requests for Admission, and Requests for Production of Documents.

Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Website, including the existence of any accessibility barriers; (3) history of changes or modifications to the Website; (4) the feasibility of providing access to persons with disabilities.

<u>Defendant</u>: Defendant expects to serve written discovery and conduct depositions.

**K.  DISCOVERY CUT-OFF**

<u>Plaintiff</u>: Plaintiff proposes that all non-expert discovery be completed by March 27, 2020.

<u>Defendant</u>:  Defendant agrees.

**L.  EXPERT DISCOVERY**

<u>Plaintiff</u>: Plaintiff proposes that initial expert witness disclosures be completed by April 10, 2020, and any rebuttal expert witness disclosures be completed by April 24, 2020.

<u>Defendant</u>: Defendant agrees that initial expert witness disclosures be completed by April 10, 2020, but any rebuttal expert witness disclosures be completed by June 26, 2020.

4825-8178-2363.4

### M. DISPOSITIVE MOTIONS

Plaintiff: Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the Unruh Civil Rights Act.

Defendant: Defendant expects to file dispositive motions, including one for summary judgment

### N. SETTLEMENT

Plaintiff: The Parties have engaged in informal settlement discussions; however, in the event that this matter is not expeditiously resolved, Plaintiff selects ADR Procedure 2 as the settlement mechanism under Local Rule 16-15.4. Plaintiff proposes that the deadline for conducting settlement proceedings be June 5, 2020.

Defendant: Defendant agrees.

### O. TRIAL ESTIMATE

Plaintiff: Plaintiff anticipates a nonjury trial of 4 days. Plaintiff anticipates 4-5 witnesses, including an expert to testify at trial.

Defendant: Defendant anticipates a 4-day trial. Defendant anticipates 4-5 witnesses, including an expert to testify.

### P. TRIAL COUNSEL

Plaintiff: Joseph R. Manning, Jr., Michael Manning, Osman Taher and Craig G. Côté

Defendant: Derek W. Edwards, among others to be decided.

### Q. INDEPENDENT EXPERT OR MASTER

The Parties do not believe this is a case in which the Court should consider appointing a Master pursuant to Rule 53 or an independent scientific

expert.

**R. TIMETABLE**

Please see Exhibit A, Schedule of Pretrial and Trial Dates, attached to this Joint Report.

**S. OTHER ISSUES**

None at this time.  The parties reserve their rights to raise and address any additional issues as they may arise.

Dated: June 28, 2019         **MANNING LAW, APC**

By: */s/ Joseph R. Manning, Jr., Esq.*
Joseph R. Manning Jr., Esq.
Michael J. Manning, Esq.
Craig G. Côté, Esq.
Attorneys for Plaintiff

Dated: June 28, 2019         **WALLER LANSDEN DORTCH & DAVIS, LLP**

By: */s/ Derek W. Edwards, Esq.*

Attorneys for Defendant

//
//
//

4825-8118-2363.4

**<u>Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)</u>**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 28, 2019_        **MANNING LAW, APC**

By: */s/ Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.

4825-8118-2363.4